### STATE ROAD DEPARTMENT v. COTHRON, et al.
#### No. 1460.

Circuit Court, Monroe County.

July 10, 1956.

George C. Dayton, Dade City, and James M. McEwen of McEwen & Cason, Tampa, for the original plaintiffs; Charles T. Boyd, Jr. and Richard B. Austin, both of Jacksonville, and Ross H. Stanton, Jr., Tallahassee, for the succeeding plaintiffs.

M. Lewis Hall of Hall, Hedrick & Dekle, and Dixon, DeJarnette & Bradford, all of Miami, M. Ignatius Lester and William V. Albury, both of Key West, and Ralph E. Cunningham, Jr., Marathon, for defendants.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause came on to be heard on July 2, 1956 on motions of the several defendants to dismiss the complaint for the grounds stated therein. The attorneys for the plaintiff and the several defendants having appeared and argued the motions, the court finds and adjudges as set forth below.

Attorneys for Cecil M. Webb, et al, as members of and constituting the State Road Department of Florida (hereinafter sometimes referred as "the department") filed the complaint in this cause on September 14, 1954, against Alonzo Cothron, Brooks Bateman and Floyd Lamb, individually and as sole owner doing business as Floyd Lamb Construction Co., Fidelity & Deposit Company of Maryland, a corporation authorized to do business in this state, and D. M. Andrew, as defendants. Subsequently, the present members of the department were substituted for the members holding office on the date of the filing of the complaint.

The complaint seeks an accounting and other relief.

The Overseas Road & Toll Bridge District (hereinafter sometimes referred to as "the district") entered into contracts with Alonzo Cothron and Floyd Lamb, two of the defendants, for performance of the work as shown in the contracts which are attached to the complaint. The contracts were not entered into between the department and the said defendants. D. M. Andrew and Brooks Bateman were not employees of the department but were employees of the district.

A copy of the bond of the Fidelity & Deposit Company of Maryland was not attached to the complaint and therefore it is not possible to determine with whom or for what purpose said bond was entered.

The district was created by chapter 16598, Acts of 1933, which chapter as amended is still in effect. Chapter 20555, Acts of 1941 (section 341.63, Florida Statutes, 1941), authorized the department to enter into contracts of purchase or lease with any owner of a toll bridge or causeway.

Chapter 21541, Acts of 1941, authorized the district to sell or lease to the department any or all toll bridges or toll highways owned by it on such terms as might be agreed upon. Pursuant to provisions of chapter 20555, supra, and chapter 21454, Special Acts of 1941, the department entered into a contract with the district for the purchase of "all the toll bridges and toll highways" and other property of the district. As consideration for such purchase, the department agreed to pay all amounts received as tolls from the toll bridges and toll highways and, in addition thereto, all funds from the 80% surplus gasoline or other fuel tax funds available to Monroe County pursuant to section 16(c), article IX of the constitution of Florida.

After the signing of the lease purchase agreement between the district and the department, which agreement is attached to the complaint as exhibit A, the State Board of Administration adopted a resolution on February 26, 1946 pursuant to chapter 21853, Acts of 1943, providing for the refunding of all the bonds which the district had originally issued. On March 26, 1946 this chancellor validated the refunding bonds proposed to be issued by the State Board of Administration for and on behalf of the district in Monroe County. The Supreme Court upheld such action on April 30, 1946, 157 Fla. 360, 25 So. 2d 880.

On May 18, 1946 an operating agreement was entered into between the State Road Department, the Board of County Commissioners of the Overseas Road & Toll Bridge District and the State Board of Administration, which is attached to the complaint as plaintiff's exhibit B. Since the entering of said agreement, the district continued to operate the toll bridges and toll roads in accordance with said operating agreement.

A recovery by the plaintiff of the sums sought to be recovered would necessarily present a question as to whom the money should finally be paid inasmuch as the rights and interest of the district are still existent. This clearly supports the fact that the plaintiff has no interest in the subject matter of this suit on which to base a complaint against these defendants.

It affirmatively appears from the complaint that the plaintiff is without authority under the law to institute this action and obtain the relief sought, inasmuch as it is not a party in interest.

The complaint fails to state a cause of action against the defendants.

The motions to dismiss are granted. It is ordered, adjudged and decreed that the complaint is dismissed, with prejudice.